FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2018 OCT 25 AM 9: 30

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| ABIODUN SAMUEL AFOLABI | * |
| | * |
| Plaintiff, | * |
| | * |
| V. | * |
| | CIVIL ACTION NO. ELH-18-3290 |
| KIRSTJEN MICHELE NIELSEN, | * |
| Secretary of the | |
| United States Department of Homeland Security | * |
| | |
| L. FRANCIS CISNA, | * |
| Director of the | |
| United States Citizenship and Immigration Services | * |
| | |
| GREG L. COLLET, | * |
| Director of the | |
| USCIS Baltimore District Office; | * |
| | |
| JEFF SESSIONS, | |
| United States Attorney General. | * |
| | |
| STEPHEN M. SCHENNING | |
| Acting US Attorney, District of Maryland | * |
| | |
| Defendants. | * |

## COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF MANDAMUS

1

NOW comes Plaintiff, **ABIODUN SAMUEL AFOLABI**, by and through undersigned counsel Njinuwo C. Bayelle, Esq., in the above-captioned matter, and hereby states as follows:

1. This action is brought against Defendants to compel action on Petition for Alien Relative (hereinafter Form I-130 Petition) and corresponding Application for Adjustment of Status (hereinafter Form I-485) properly filed by the Plaintiff. The Form I-130 Petition and Form I-485 Application were filed and remain pending within the jurisdiction of Defendants, who have improperly handled and delayed processing the said application to Plaintiff's detriment.

## THE PARTIES

2. Plaintiff, **ABIODUN SAMUEL AFOLABI**, is a national of Nigeria and has been living lawfully in the United Stated since July 13th, 2016. He resides at 8328 Candlewick Court, Severn, MD. 21144, alien number A-214-438-281. His Form I-130 Petition was filed with USCIS Potomac Service Center ("YSC") on or before February 16th 2017. Plaintiff's Form I-130 Petition and corresponding Form I-485 Application are pending before USCIS for approximately 20 months and has not been adjudicated as of the date of this Complaint.

3. Defendant, **KIRSTJEN MICHELE NIELSEN** is Secretary of the United States Department of Homeland Security ("DHS"), and this action is brought against her in her official capacity. The United States Citizenship and Immigration Services ("USCIS") is an agency within the DHS to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision. Therefore, she is the ultimate decision-making authority over Plaintiff's pending Form I-130 Petition with USCIS.

4. Defendant, **L. FRANCIS CISSNA** is the Director of USCIS, and this action is brought against him in his official capacity. USCIS is responsible for the adjudication of Plaintiff's Form I-130 Petition.

5. Defendant, **JEFF SESSIONS** is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

6. Defendant, **RICHARD CATERISANO**, director of the Baltimore Field Office, whose office is currently in possession of plaintiff's Form I-130 Petition.

## INTRODUCTION

7. This is a petition for a statutory relief pursuant to law including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.) This action challenges the unreasonable delay in adjudicating Plaintiff's Form I-130 Petition submitted on or before February 16th 2017.

## JURISDICTION

8. This Honorable Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1331 (Federal Question Statute) since this is a civil action arising under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising there under. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. §§ 551, 701 et seq. (Administrative Procedures Act).

9. There are no administrative remedies available to Plaintiff to redress the grievances described herein. This action challenges Defendants' procedural policies, practices, interpretation of law and their failure to act, not the discretionary granting or denial of individual petitions or applications. Therefore, the jurisdictional limitations under 5 U.S.C. § 701(a) (2) and 8 U.S.C. § 1252 do not apply.

10. This Court has specifically held that it has subject matter jurisdiction over similar cases filed pursuant to the Mandamus Act and the APA by aliens whose I-751 Petitions had been pending for multi-years. *See*, Valenzua v. kehl, No. 05-1746, 2006 U.S. Dist. (N.D. Tx. August 23, 2006); Razaq v. Poulos No 06-1280, 200 U.S Dist. (n. Dist. Cal Oct. 24 2006).

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391(e). This is an action brought in the Judicial District where Plaintiff resides and where a substantial part of the events and omissions giving rise to Plaintiff's claims occurred.

## EXHAUSTION OF REMEDIES

12. Plaintiff has exhausted all administrative remedies available to him by law. He has repeatedly contacted Defendants' offices, orally and in writing, to seek to learn the specific reason for the unreasonable delay in the adjudication of his Form I-130 Petition. Defendants have made no attempt to explain with specificity the reason for the delay in processing his Form I-130 Petition.

## STATEMENT OF RELEVANT FACTS

13. On or before February 16th 2017, Plaintiff filed Form I-130 Petition with the Potomac Service Center, petitioning for an alien relative. Plaintiff's Form I-130 Petition was accepted as "properly filed" by USCIS on March 8th 2017, – **approximately 20 months ago.**

14. Plaintiff has complied with all requests made by the USCIS in order to complete all necessary biometrics appointments for security clearances. In addition, Plaintiff has provided all information requested by the USCIS and has complied with all appointment notices.

15. Plaintiff puts forward a *prima facie* case of eligibility for the benefit sought in his Form I-130 Petition. Within more than 20 months that his Form I-130 Petition has been pending, Defendants have not sought to challenge his eligibility for approval of said petition.

16. Defendants owe a non-discretionary legal duty to Plaintiff to adjudicate his Form I-130 Petition in a timely fashion. They have failed to perform this duty.

17. According to the USCIS's monthly on-line "case processing time" reports posted on October 9th 2017, for the Potomac Service Center is between 9 ½ to 12 ½ months. Plaintiff's Form I-130 Petition with receipt date of March 8th 2017, has not been adjudicated as of the date of this Complaint and thus has been significantly delayed.

18. Concerned about his Form I-130 Petition **pending for approximately 20 months,** since February 16th 2017, Plaintiff has contacted USCIS numerous times about the status of his Form I-130 Petition via the USCIS National Customer Service Line. During these phone calls, Plaintiff was informed that his Form I-130 Petition is still

pending. Plaintiff was informed that there was no estimate on when his Form I-130 Petition will be adjudicated and that there was nothing he can do other than to wait for USCIS to take action on his Form I-130 Petition.

19. Defendants are also required by 5 U.S.C. § 555(b) "within a reasonable time ... to conclude a matter presented..."

20. Section 202(8 U.S.C. § 1571(b)) of Title II of the American Competitiveness in Twenty-First Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in Immigration adjudication, stating: "...It is the sense of Congress that processing of an Immigration benefit application should be completed **no later than 180 days** after the initial filing of the application." Plaintiff's Form I-130 Petition has been pending for **approximately 20 months, 14 months longer** than the aspirational goal set by Congress.

21. As of the date of this Complaint, **approximately 20 months** after submitting all documents to USCIS, Defendants have not made a final decision on Plaintiff's Form I-130 Petition. Plaintiff has been forced to file the present Complaint. This action challenges Defendants' delay in adjudication of Plaintiff's Form I-130 Petition.

22. Plaintiff has been damaged and continues to be damaged, by Defendants' failure to perform their non-discretionary legal duty, as follows:
    a. Plaintiff's Form I-130 Petition has been pending before USCIS for **approximately 20 months.**
    b. Plaintiff is waiting and will continue to wait **for an unknown period of time** for decision on his Form I-130 Petition. His status in the United States has been and will continue to be uncertain. The **uncertainty and unreasonable delay** causes Plaintiff **emotional distress** and he cannot plan ahead in his life because he does not know when a decision will be made on his Form I-130 Petition.
    c. Plaintiff is adversely affected by the USCIS's inaction described above in that his ability to travel abroad and work is restricted during the pendency of his Form I-130 Petition. Plaintiff must annually apply and pay for special travel permission and work authorization.
    d. Plaintiff has **lost a significant amount of work time** while pursuing his Form I-130 Petition, including but not limited to, making oral and written inquiries with the USCIS, consulting with lawyers, scheduling and attending Info Pass

   appointments at the USCIS and Baltimore Office, and reporting for fingerprinting appointments.
   e. Plaintiff's rights to the **due process of law** and **equal protection** under the **Fifth Amendment** to the United States Constitution have been and are being **violated** and will continue to be violated by Defendants' failure to adjudicate his Form I-130 Petition.
   f. Defendants have adjudicated and continue to adjudicate similar applications and confer benefits on other applicants who filed their Petitions **approximately 20 months** after Plaintiff's Form I-130 Petition was filed.

## GROUNDS FOR RELIEF

23. Defendants are in direct violation of the Administrative Procedure Act (5 U.S.C. §701, et. seq.) by unlawfully withholding and unreasonably delaying the adjudication of Plaintiff's Form I-130 Petition.

24. Defendants have no lawful or factual basis for delaying the adjudication of Plaintiff's Form I-130 Petition.

25. Defendants have failed to adhere to their own regulations and have improperly delayed the processing of Plaintiff's Form I-130 Petition after he submitted a properly executed Petition. His Form I-130 Petition has been pending before USCIS for approximately 20 months.

26. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures. Plaintiff has exhausted all administrative remedies available to him to get his Form I-130 Petition adjudicated but Defendants have clearly not adjudicated his Form I-130 Petition as of the date of this Complaint.

27. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate Plaintiff's Form I-130 Petition thereby depriving him of the rights to which Plaintiff is entitled.

28. This delay in adjudication of the Form I-130 Petition is not attributable to Plaintiff.

29. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to make a determination on Plaintiff's Form I-130 Petition.

**Count I**

**Mandamus Action**
**28 U.S.C. § 1651, 28 U.S.C. § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

30. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

31. Defendants are charged with the mandatory responsibility to administer and implement INA.

32. Defendants bear sole responsibility for timely adjudication of petitions for alien relative and for orderly attendant procedures.

33. Defendants have willfully and unreasonably delayed and refused to perform their clear, non-discretionary duties.

34. Plaintiff has a clear right to have his Form I-130 Petition adjudicated pursuant to the INA.

35. The Defendants owe a duty to complete processing of the Form I-130 Petition and render a decision which Defendants have failed to perform. This duty is owed under the INA, APA and regulations as well as by charging a filing fee, which was properly paid, the USCIS created an obligation to process and adjudicate Plaintiff's Form I-130 Petition.

36. Plaintiff has exhausted any administrative remedies that may exist and there exists no other adequate remedy.

37. Strong humanitarian factors favor granting of Mandamus relief.

38. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. §1361

39. Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff so that she may be promptly informed of the outcome of his Form I-130 Petition.

**Count II**
**Administrative Procedures Act**
**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

40. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

41. Defendants' practices, interpretations of law, conduct and failure to act violate the *Administrative Procedures Act*, as the alleged agency action is:

    a. "unlawfully withheld or unreasonably delayed," under 5 U.S.C. § 706(1);
    b. not concluded "[w]ith due regard for the convenience and necessity of the parties... and within a reasonable time," under 5 U.S.C. § 555(b);
    c. "arbitrary, capricious and an abuse of discretion or otherwise not in accordance with law," under 5 U.S.C. § 706(2) (A); and
    d. "without observance of procedures required by law," under 5 U.S.C. § 706(2) (D).

42. By failing to render timely decision on Plaintiff's Form I-130 Petition, Defendants have violated the *Administrative Procedures Act* and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. The Court of Appeals for DC Circuit noted that while *"[t]here is no per se rule as to how long is too long to wait for agency action ... a reasonable time for agency action is typically counted in weeks or months, not years"*. *In re American Rivers and Idaho Rivers*, 372 F.3d 413, 415 (D.C. Cir. 2004).

43. This Court has power under 5 U.S.C. § 706(1) to compel an agency to perform "action unlawfully withheld or unreasonably delayed".

44. Defendants are required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

45. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count III**
**Administrative Procedures Act**
**5 U.S.C. § 701 et seq. and 8 C.F.R. §103.2(b)(18)**

46. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

47. Defendants have failed to discharge their mandated official duties.

48. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV**
**Declaratory Judgment Act**
**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

49. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

50. Plaintiff contends that Defendants' actions and decisions relating to delays in adjudication of his Form I-130 Petition and attendant procedures violate the INA, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

51. Defendants have failed to discharge their mandated official duties.

52. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other forms of relief this court may deem appropriate.

**Count V**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**

53. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

54. If he prevails, Plaintiff will seek costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, in the view of the arguments and authority noted herein, Plaintiff respectfully prays that this Honorable Court:
    a. Assume and maintain jurisdiction over this matter;
    b. Declare as unlawful the violation by Defendants for failing to act on Plaintiff's Petition to Remove the Conditions of Residence;
    c. Declare Defendants' failure to carry out the adjudicative function delegated to them by law with regard to Plaintiff's Form I-130 Petition as an agency action unlawfully withheld and unreasonably delayed pursuant to 5 U.S.C. § 706(1);
    d. Other Defendants and those acting under them to perform their duty or duties to adjudicate Plaintiff's Form I-130 Petition without further delay;
    e. Award Plaintiff costs of suit; and,
    f. Grant such other and further relief as this Honorable Court deems appropriate.

Dated this 8th Day of October 2018

Respectfully Submitted

_____
NJINUWO C. BAYELLE, ESQ.
**Counsel for Plaintiff**
**8630 Fenton Street, Suite 924**
**Silver Spring, MD 20910**
**T: (301) 679-6321**